# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3089

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Juan Siro Perez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 30, 2005
Filed: October 25, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Perez challenges the sentence the district court[1] imposed after he pleaded guilty to drug and firearm charges. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Perez pleaded guilty pursuant to a written plea agreement; to resolve their sentencing disputes, the parties later agreed that Perez would receive a sentence of 235 months imprisonment, and that he would waive his right to appeal that sentence.

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

We enforce this appeal waiver, because no miscarriage of justice would result: the district court discussed the appeal waiver with Perez in open court, and Perez assured the court that he had discussed the matter with his attorney and that it was his decision alone; his appeal falls within the scope of the waiver; and Perez's sentence is consistent with the parties' stipulation. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), cert. denied, 540 U.S. 997 (2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no other nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____